Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nevadafirm.com
**SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON**
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:      702/791-1912

*Electronically Filed On
June 22, 2008*

*(Proposed) Local Bankruptcy Counsel for Debtor*

Robert E. Opera, Esq. (CA Bar No. 101182)
Email:  ropera@winthropcouchot.com
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA   92660
Telephone:     949/720-4100
Facsimile:      949/720-4111

*(Proposed) Bankruptcy Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CONCORDIA LAND LLC,<br><br>Debtor. | Case No. BK-S-09-19511-BAM<br>Chapter 11<br><br>**APPLICATION TO EMPLOY SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON AS LOCAL COUNSEL**<br><br>Date of Hearing:    July 28, 2009<br>Time of Hearing:   2:30 p.m.<br>Place: Courtroom No. 3, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Hon. Bruce A. Markell |

   Concordia Land, LLC (the "Debtor") by and through its proposed counsel, applies to the Court for an order pursuant to Section 327(a) of the Bankruptcy Code, authorizing Debtor to employ Santoro, Driggs, Walch, Kearney, Holley & Thompson as Local Counsel (the "Santoro Firm") for the Debtor in its chapter 11 proceedings as of the commencement date of the

08256-02/453834

bankruptcy case. This application is accompanied by the Declaration of Victoria L. Nelson, Esq. (the "Nelson Declaration"), filed contemporaneously with this application. In support of this application, the Debtor represents as follows:

1. On June 5, 2009, Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business as Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor desires to employ the Santoro Firm as local counsel in this matter. The Debtor has previously entered into an engagement agreement with the Santoro Firm, a true and correct copy of which is attached to the Nelson Declaration as Exhibit "1" and is incorporated by reference.

3. The attorneys employed by the Santoro Firm are duly admitted to practice before this Court.

4. The Debtor has selected the Santoro Firm because it has experience in matters of this character, is familiar with bankruptcy practice and is qualified to represent the Debtor as local counsel in this matter.

5. The Debtor desires to employ the Santoro Firm as its local counsel to assist lead bankruptcy counsel in this case as follows:

    a. To assist lead bankruptcy counsel in preparation and filing of any petition, schedules, statement of affairs, amendments thereto and plan which may be required;

    b. To assist in preparation and/or to prepare on behalf of Debtor any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or non-bankruptcy law, or as required by the Court, and to represent the Debtor in proceedings or related hearings;

    c. To assist the Debtor in analyzing any matters regarding the Debtor's estate;

    d. To assist with the review, analysis and/or advice to the Debtor regarding claims or causes of action to be pursued on behalf of the Debtor's estate;

    e. To assist the Debtor with providing information to creditors or other persons;

08256-02/453834.doc

  f. To assist regarding any fee applications or other matters involving professional compensation in the Debtor's case;

  g. To assist and advise the Debtor regarding any chapter 11 plan and advise regarding chapter 11 plans filed by other entities in the Debtor's case;

  h. To assist with negotiation with any creditor constituencies regarding treatment, resolution and payment of creditors' claims;

  i. To assist in the review and analysis of the validity of claims filed;

  j. To assist in providing continuing legal advice with respect to the bankruptcy estates, litigation, avoidance actions or other matters that may arise in this bankruptcy case;

  k. To perform all other and necessary legal services as may be required by lead bankruptcy counsel or the Debtor in the Debtor's bankruptcy case.

6. To the best of its knowledge and belief, the Santoro Firm and its partners and associates do not hold or represent any interest adverse to the estate.

7. To the best of its knowledge and belief, the Santoro Firm and its partners and associates do not have any connection with the United States Trustee or with any person employed in the Office of the United States Trustee.

8. The Debtor submits that the Santoro Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a), as it pertains to representing the Debtor as local bankruptcy counsel in this bankruptcy case.

9. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Debtor seeks to retain the Santoro Firm on an hourly basis at the customary and standard rates that the Santoro Firm charges for similar representation, plus reimbursement of actual and necessary expenses incurred by the Santoro Firm in performing its duties.

10. The Debtor proposes the compensation of said attorneys and paraprofessionals be at varying rates currently ranging from $185 per hour for paraprofessionals specialized in bankruptcy practice, from $160 per hour to $280 per hour for the services of associates, and from $375 per hour to $450 per hour for the services of shareholders of the Santoro Firm, subject to

- 3 -

08256-02/453834.doc

change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016.

11. The Santoro Firm has received a retainer in the amount of $15,000.00[1] in connection with this bankruptcy case.

12. The Santoro Firm has not shared nor agreed to share any compensation received or to be received in connection with this case with any person or entity outside the Santoro Firm.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] The retainer was paid to the Santoro Firm by a non-debtor third party. Pursuant to the terms of the engagement letter, a non-debtor third party agrees to replenish the retainer each month in the amount of the Santoro Firm's monthly accruing fees.

08256-02/453834.doc

WHEREFORE, the Debtor respectfully requests that it be authorized to employ the Santoro Firm as its local bankruptcy counsel effective as of June 5, 2009, to represent the Debtor as local counsel in this bankruptcy proceeding upon the terms set forth in this application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court and for such other and further relief as is just and proper in the premises.

DATED this 22 day of June, 2009.

CONCORDIA LAND, LLC

By: Bridget Carahan
Its: Concordia Homes manager
Bridget Carahan, President

PREPARED AND SUBMITTED BY:

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*(Proposed) Local Counsel for Debtor*

08256-02/453834.doc

- 5 -